**YING CHEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–4900–ag.**

United States Court of Appeals, Second Circuit.

July 28, 2008.

Dehai Zhang, Flushing, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; P. Michael Truman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

### SUMMARY ORDER

Petitioner Ying Chen, a native and citizen of China, seeks review of the October 10, 2007 order of the BIA denying her motion to reopen. *In re Ying Chen,* No. A75 943 853 (B.I.A. Oct. 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

In reviewing the BIA's denial of a motion to reopen, we have remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) ("Motions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence. This is especially true in a deportation proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.") (citation omitted). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

We find that the BIA did not abuse its discretion in denying Chen's motion to reopen as untimely. As the BIA noted, its prior decision was issued in October 2003, but Chen did not file her motion until November 2006, well beyond the 90–day deadline. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly found that Chen's motion did not qualify for an exception to the time limitation. *See id.* § 1003.2(c)(3). It is well-settled that the birth of U.S. citizen children is not evidence of changed conditions in China. *See Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (per curiam) (finding that the birth of U.S. citizen children constitutes a change in personal circumstances, not a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006) ("[I]t would be ironic, indeed, if petitioners ... who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to marry and have children while evading authorities. This apparent gaming of the system in an effort to avoid deportation is not tolerated by the existing regulatory scheme.").

Furthermore, despite Chen's submission of various allegedly official Chinese government documents, as well as recent country reports and articles, the BIA did not abuse its discretion in concluding that she failed to provide sufficient evidence to support her allegation that conditions in China have materially changed such that she has a well-founded fear of persecution.[2] We have previously reviewed the

---

**2.** In contrast to *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006), there is no indication that the BIA failed to consider the documents Chen submitted in support of her motion to reopen. Indeed, while the BIA was not required to expressly parse and refute each and every piece of evidence Chen offered, *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336–37 n. 17 (2d Cir.2006), the detailed nature of its opinion suggests that it did so.

BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no abuse of discretion in its conclusion that such evidence was insufficient to establish changed conditions in China or *prima facie* eligibility for relief. *See, e.g., id.* at 275 (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion" (internal citation omitted)); *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (per curiam) (holding that "[i]n the absence of solid support in the record" for an applicant's assertion that she would be persecuted, the BIA did not err in denying asylum because her fear was "speculative at best"). In addition, the BIA reasonably declined to credit Chen's uncorroborated assertions in her affidavit based on the IJ's underlying adverse credibility finding. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).